UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 19-cr-70 |
| VERSUS | JUDGE DOUGHTY |
| DERRICK CURRY | MAGISTRATE JUDGE HAYES |

**MOTION TO SUPPRESS STATEMENTS WITH INCORPORATED MEMORANDUM**

NOW INTO COURT comes defendant, DERRICK CURRY, through undersigned counsel, who respectfully moves this Honorable Court to suppress statements the Government alleges he made when he was arrested on July 12, 2018.

**I. Factual Background**

On July 12, 2018, Mr. Derrick Curry was arrested by law enforcement officers of the Ouachita Parish Sheriff's Department. In connection with Mr. Curry's arrest, officers claim they located and recovered a firearm approximately 10 feet from where he was apprehended.

On February 28, 2019, the Government filed an indictment charging Mr. Curry with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On May 22, 2019, the Government filed a superseding indictment which merely recast one of the elements of the charged offense. On June 14, 2019, the Government tendered supplemental discovery which states that Mr. Curry made the following inculpatory statements at the time of his arrest:

(1)   Well you didn't catch me with that gun.

(2)   The gun wasn't in my possession.

1

(3) Y'all didn't find that shit on me.

(4) It's not mine.

**II. Law and Argument**

The Fifth Amendment guarantees the right of a suspect in custody to remain silent and to suffer no penalty for exercising the right. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964); *Missouri v. Seibert*, 124 S.Ct. 2601, 2607 (2004). Incriminating statements made by a defendant during a custodial interrogation cannot be used by the Government in its case–in-chief unless it can first show that the defendant was *Mirandized* and that his statements thereafter were voluntarily made. *Dickerson v. United States*, 120 S.Ct. 2326, 2332 (2000). The Government bears the burden of proving, by a preponderance of the evidence, a valid *Miranda* waiver, *Colorado v. Connelly*, 479 U.S. 157, 169 (1986), and the voluntariness of the confession, *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

In this case, the Government's discovery does not show that Mr. Curry was advised of his *Miranda* rights. Nor does the discovery set forth or allege any circumstances proving the voluntariness of Mr. Curry's alleged statements.

WHEREFORE, defendant, DERRICK CURRY respectfully prays that this Court set this motion for hearing at a date to be determined and that, after such hearing, it suppress the alleged incriminating statements as having been obtained in violation of the Fifth Amendment.

Respectfully submitted,

*s/ Betty L. Marak*
_____
Betty L. Marak, LSBA No. 18640
Assistant Federal Public Defender
300 Fannin Street, Ste. 2199
Shreveport, LA  71101
Tel:  318-676-3310    Fax:  318-676-3313
E-mail:  betty_marak@fd.or