1                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF LOUISIANA
2                            MONROE DIVISION

3
UNITED STATES OF AMERICA,        :   DOCKET NO. 3:19CR00070
4
                        PLAINTIFF,   :
5
VERSUS                           :   August 7, 2019
6
                                 :
7
DERRICK CURRY,
8                                :
                        DEFENDANT.    Monroe, Louisiana
9  _____

         REPORTER'S OFFICIAL TRANSCRIPT OF GUILTY PLEA HEARING
10              BEFORE THE HONORABLE TERRY A. DOUGHTY
                     UNITED STATES DISTRICT JUDGE
11

12

13 APPEARANCES:

14 FOR THE PLAINTIFF:  MS. JESSICA DIANE CASSIDY AND
                       MS. CYTHERIA JERNIGAN
15                     ASSISTANT UNITED STATES ATTORNEYS
                       300 Fannin Street, Suite 3201
16                     Shreveport, Louisiana

17

18
FOR THE DEFENDANT:  MS. BETTY L. MARAK AND
19                  MS. ASHLEY MARTIN
                    ASSISTANT FEDERAL DEFENDERS
20                  300 Fannin Street, Suite 2199
                    Shreveport, Louisiana
21

22
                       DEBBIE LOWERY, RPR, CCR
23                  Federal official Court Reporter
                    201 Jackson Street, Suite 312
24                    Monroe, Louisiana 71201

25 Proceedings recorded by mechanical stenography, transcript
   produced by computer-aided transcription.

```
 1                      P-R-O-C-E-E-D-I-N-G-S
 2                THE COURT:  All right.  Ready to go?
 3                MS. MARAK:  Yes.
 4                THE COURT:  All right.  We're on the record.
 5        This is United States of America versus Derrick Curry,
 6   19:70.  And my understanding is we're here to put on the record, I
 7   think, a request to put on the record the plea offer that was made
 8   to Mr. Curry and whether he rejects that offer or not.
 9        So is that correct?
10                MS. MARAK:  Your Honor, there were actually two
11   offers in the case.  The first one -- they're really the same
12   offer.  The first one came to the original indictment, and that
13   offer was rejected.  We were set for trial.  Rehaif was decided.
14   There was a superceding indictment, and then a second superceding
15   indictment.  And Mr. Curry has received a plea offer on the second
16   superceding indictment, and wishes to go to trial this morning and
17   reject that plea offer.  Is that correct?
18                THE DEFENDANT:  I don't really object to --
19   reject the plea offer, I just didn't understand what it said.
20                THE COURT:  All right.  Why don't we make --
21   One of y'all want to say the plea offer and just make sure we've
22   got a good understanding of it and make sure that --
23                MS. CASSIDY:  Sure, Your Honor.  With regard to
24   the most recent plea offer, the one count indictment had a
25   forfeiture notice.  And essentially the plea was just that
```

2

1  Mr. Curry plead guilty as charged to the one count indictment as

2  well as the forfeiture.

3              THE COURT:  Okay.

4              MS. CASSIDY:  The prior offer under the

5  original indictment was a one count plea offer to the one -- a

6  plea offer to the one count indictment with the forfeiture notice.

7  And if his offense level was a 16 or greater, the government would

8  move for the one point reduction.  However, Mr. Curry rejected

9  that offer prior to -- by the time of the plea deadline.  And so

10 the most recent plea offer did not have the one point reduction.

11             THE COURT:  Okay.  Okay.  Do you understand

12 that plea offer?

13             THE DEFENDANT:  No, I didn't understand the

14 first one because I didn't get the -- the other one -- she thought

15 she had gave me a copy but she never did.  I never did see -- I

16 got the date on it when she came to see me, so I didn't know about

17 the plea offer.  And I didn't understand the offense of grade B.

18 There was a confusion going on about what -- where I would -- you

19 know, about the criminal offense conduct level I be in, whether it

20 was 22, 20 whatever.  Then --

21             THE COURT:  What's your -- you're talking about

22 the guidelines, what that would show?

23             THE DEFENDANT:  Yeah.

24             THE COURT:  Well, you know, I don't know.  I

25 don't know what your criminal history is.  You must have a

1  conviction felony.

2                THE DEFENDANT:  I just have one conviction.  I

3  have one conviction, that's all I have.

4                THE COURT:  I mean, you know.  Anyway, they --

5  I don't know what they put you at, but Ms. Marak probably -- I

6  know she's very, very good and -- and, you know, she's very good

7  explaining it, knows these rules better than most everybody really

8  around here.  So --

9                THE DEFENDANT:  First I understood it was a 20.

10 Then I was -- so 2 points would be deducted for accepting the

11 plea, and then another point would be accepted, and it would leave

12 me at 17.  And it was at a category 30 -- 30 to 37 months that I

13 would be facing if I would have pleaded guilty.  And then it

14 jumped up.

15               MS. MARAK:  Your Honor, the issue is that

16 because of the nature of the prior conviction under the

17 guidelines, there -- we often are not sure what probation is going

18 to do.  And so we generally calculate two sets of guidelines,

19 worst case scenario and sort of where we think we are.  I can't

20 give Mr. Curry an exact answer today what his guideline range is

21 going to be --

22               THE COURT:  Yeah.

23               MS. MARAK:  -- because I don't know what

24 probation is going to do, and I don't know what they're going to

25 find when they run his criminal background check.  Oftentimes the

1    rap sheet I have is not complete.  It's not accurate.  And there
2    are other things out there.
3          So we've given Mr. Curry our best estimate of what the
4    range is and that's all I can do.
5                      THE COURT:  Okay.  That is all she can do.  I
6    mean, I don't know, you know, what the sentencing range is going
7    to be until we get a report from probation and objections from the
8    attorneys and -- on that.  So -- so, but the -- what's the max,
9    120 months?
10                     MS. MARAK:  Ten years, correct.
11                     MS. JERNIGAN:  Ten years statutory maximum.
12                     THE COURT:  Okay.  120 months.  That's the
13   maximum.
14                     MS. MARAK:  Theoretically that is what he could
15   receive.
16                     THE COURT:  Yeah.  I mean, it just depends on
17   the history.  Like I say, I don't know any of that.
18         So what we're trying to find out now is -- I assume, do you
19   want -- that last offer, do you accept it, or do you reject it and
20   want to go to trial?
21                     THE DEFENDANT:  I would like to accept it, but
22   I would like to know, you know, the full understanding of it.  I
23   know, before I plead guilty, you know, you've got to have a full
24   understanding of the plea.  I was in state court, and they tell
25   you you plead guilty you're going to get five years.  Like, I was

```
 1  --
 2                      THE COURT:  They don't do that here.
 3                      THE DEFENDANT:  Yeah, I know.  I understand,
 4  but I didn't know that.  I'm used to the state court.
 5                      THE COURT:  Okay.
 6                      THE DEFENDANT:  I ain't used to that saying
 7  plead guilty to -- like you saying, plead guilty in the blind.
 8  We're going to give you whatever.
 9                      THE COURT:  Well, there's a -- you know, a
10  guideline range here.  And normally that's followed.  You know,
11  sometimes I don't follow it, but it's a, you know, a rare occasion
12  when I don't follow it.  But sometimes there's reasons not to and
13  I look at that.  But most of the sentences I've given have been
14  guideline sentences so far.  But I can't tell you what you're
15  going to get.  There's just no -- you know, that's -- that's
16  basically the offer.  You know, all --
17                      THE DEFENDANT:  There was some other issues
18  because I'm showing that was it was in -- my prior conviction in
19  Rayville isn't a valid conviction.
20                      THE COURT:  It was in Rayville?
21                      THE DEFENDANT:  Yes.
22                      THE COURT:  What was the --
23                      THE DEFENDANT:  Sonny Stephens was my judge.
24                      THE COURT:  Okay.  I was going to ask you when
25  that was.  When was that?
```

```
 1                    THE DEFENDANT:  1990.
 2                    THE COURT:  Okay.  I wasn't a judge.  I was --
 3                    THE DEFENDANT:  You was an attorney.
 4                    THE COURT:  Yeah, I was an attorney.
 5                    THE DEFENDANT:  But I was just trying to figure
 6    out because my conviction wasn't a violent conviction.  And I was
 7    trying to see how that affected, you know, if there's a challenge
 8    -- I served my time.  I did 17 years in Angola.
 9                    THE COURT:  Okay.  What was your conviction
10    for?
11                    THE DEFENDANT:  Armed robbery.  The gave me 60
12    years the first.  I was 19 years old.
13                    THE COURT:  Is that Johnny's Pizza?
14                    THE DEFENDANT:  Yes.
15                    THE COURT:  Okay.  Okay.
16                    THE DEFENDANT:  And they ruled that the
17    conviction was -- I mean, the sentence was excessive.  And they
18    were --
19                    COURT REPORTER:  I'm sorry.  Say that again.
20                    THE DEFENDANT:  The sentence was excessive.
21    The 60 year sentence that I received the first time felony
22    defendant, that's my felony conviction.
23                    THE COURT:  Okay.  All right.  Well, all I can
24    tell you is, you know, Ms. Marak knows the guidelines as well as
25    anybody.  And, you know, she's evidently given you her best guess
```

```
 1   at what it would be.  You're not going to know, you know, what the
 2   -- what you're going to get, you know.  That's going to depend on
 3   the probation report.  And all anybody can do is guess at the --
 4   at the range, you know, make an educated guess.  And that's all we
 5   can do.
 6         So, you know, that's the -- I mean, that's the latest
 7   offer.  Correct, Ms. Cassidy --
 8                     MS. CASSIDY:  Yes, Your Honor.
 9                     THE COURT:  -- is a plea to the one count.  And
10   does he receive any kind of reduction for anything?
11                     MS. MARAK:  Well, he'll receive the two levels
12   for the guilty plea, but he won't receive the third level --
13                     THE COURT:  Okay.
14                     MS. MARAK:  -- for having pled guilty early on
15   --
16                     THE COURT:  Okay.  Okay.  All right.
17                     MS. MARAK:  -- and preventing us from getting
18   ready for trial.
19                     THE COURT:  Right.  I understand that part.
20   Okay.  So that's the offer.  And, you know, today we will go to
21   trial or you can decide to plea.  It's up to you.  So and that's
22   what it is.  I mean, you're not going to know everything.
23         I know -- I was a state court judge for nine years.  So I
24   understand that -- and I was assistant DA before that, and so I
25   understand that -- that, you know, in state court it's different.
```

1  They'll say, you know, our plea offer is in the -- plead to ten

2  years and --

3                    THE DEFENDANT:  Right.

4                    THE COURT:  -- credit for time served and all

5  that -- all that.  And you know a lot of times what the plea is

6  going to be, what you're going to get.  And -- and but it's not

7  that way here.

8                    THE DEFENDANT:  Okay.

9                    THE COURT:  So that's the best anybody can do

10 on that.  So it's up to you.

11                    THE DEFENDANT:  Right.

12                    THE COURT:  So all I know to do is as of this

13 time, do you accept that offer or do you reject it?

14                    MS. JERNIGAN:  And, Your Honor, we have a

15 physical -- another copy of it that would help facilitate.

16                    THE COURT:  Okay.

17                    MS. MARAK:  I have -- Mr. Curry has got one and

18 I've got one.

19                    THE COURT:  Okay.  Okay.  All right.

20                    MS. CASSIDY:  Okay.  And if you need time to

21 discuss --

22                    THE COURT:  Yeah, if you -- you know, we'll

23 start picking the jury and if you -- so if you don't -- if you

24 don't -- you know, if you don't, say "I want to do it," you know,

25 it's considered a rejection.  But the main thing is that, you

1   know, that you understand what the offer is, that's it's on the

2   record, that you understand what the offer is and that you -- you

3   have not accepted it as of this point.

4                       THE DEFENDANT:  Right.

5                       THE COURT:  If you decide to accept it, I'll

6   certainly take it, you know.

7                       THE DEFENDANT:  Right.

8                       THE COURT:  But it's up to you on what you want

9   to do.

10                      MS. MARAK:  Do you have some more questions?

11                      THE DEFENDANT:  No.

12                      THE COURT:  And if you want to talk to your

13  attorneys, you know, with us not here, that's fine.  I mean, it

14  doesn't matter.  You know, I'm not trying to ask you to talk to

15  her here, but if you'd like to talk to -- you have two attorneys

16  now.  Right?

17                      MS. MARAK:  Well, we need to enroll Ms. Martin,

18  Your Honor.

19                      THE COURT:  Okay.

20                      MS. MARAK:  We filed a notice of appearance --

21                      THE COURT:  Oh, I thought there was --

22                      MS. MARAK:  -- which we understood is not what

23  we're supposed to do any longer, we're supposed to file a motion

24  to enroll.

25                      THE COURT:  I thought one was filed yesterday.

```
 1                    MS. MARAK:  It was.

 2                    THE COURT:  We were in Lafayette, so I don't

 3     know, but I thought one was filed.  I didn't sign it.

 4                    MS. MARAK:  Well, the clerk's office has asked

 5     us to do a motion --

 6                    LAW CLERK:  I mean, it's right.

 7                    THE COURT:  Yes, oh, yeah.

 8                    MS. MARAK:  Yeah.

 9                    LAW CLERK:  She's taking it down; it's an

10     official record.  You can order --

11                    THE COURT:  Okay.  All right.  Motion to

12     enroll, and --

13                    MS. MARAK:  Ashley Martin.

14                    THE COURT:  Ashley Martin, right, is granted.

15                    MS. MARTIN:  Thank you, Your Honor.

16                    THE COURT:  All right.  So we got that done.

17          Now, like I said, it's up to -- and I guess, you know, one

18     was filed, though, yesterday; I thought I saw it.

19                    MS. MARAK:  Right.

20                    THE COURT:  But, anyway, just -- we're -- you

21     know, I don't want to keep the jury waiting.  If you decide you

22     want to plead, that's -- I mean, I'll take it.  All I can tell you

23     is I'll look at the -- I'll look at the report very hard.  I read

24     every word of it.  I look at it, and I try to decide, you know,

25     what I'm going to do.  I always consider those guidelines first.
```

1    There has to be a reason for me to go outside them to give you
2    more.  There has to be a good reason.  But it's not -- because
3    those guidelines are meant to cover it.

4          And if there's a good reason why -- like a lot of times the
5    criminal history isn't properly reflected in there, or there's
6    zeros from ones that are so long ago, but they still should be --
7    you know, I consider them.  And there's some reasons sometimes.
8    But I don't know your situation.  I don't know what the -- what it
9    was, you know, what your -- your -- whether you had more than one
10   conviction.  You said that's your only conviction.  And I don't
11   know what that would do.

12         It's, you know, obviously a crime of violence; but I don't
13   know what that would do to the guidelines.  Your attorney -- like
14   I said, your attorney would know better than me as far as, you
15   know, best guess at what that would be.

16         I always consider those guidelines first.  I can't promise
17   you a guideline sentence.  All I can say is I'll look at them
18   hard.  And there normally has to be a reason -- there always has
19   to be a reason for me to go outside either below them or above
20   them.  So that's all I can tell you.  It's up to you.

21         Okay.  Do you'll want to talk a second?  We can go ahead
22   and adjourn.  Is there anything else before we go out?

23                    MS. JERNIGAN:  You want to address the jurors
24   or do that later?  I just had one juror was sent home.  I'm not
25   sure if he's coming back.  We can do that later.

```
 1                    LAW CLERK:  Well, Amy is not in here and she's
 2    the one that has all the --
 3                    THE COURT:  Yeah, I haven't got the list.
 4                    LAW CLERK:  She stepped out.
 5                    MS. MARAK:  We can preempt all of this.
 6    Mr. Curry has just told me he wants to plead guilty.
 7                    THE COURT:  Okay.  All right.
 8                    MS. MARAK:  Do you want to do it in here?
 9                    LAW CLERK:  Uh-huh.  We don't want to let the
10    jury go.
11                    THE COURT:  I know.  obviously we don't want to
12    do that.  So let's get -- we're going to need Amy in here.  Do we
13    have something I can use as a guide to do this with?
14                    LAW CLERK:  I can go --
15                    THE COURT:  I can go back to my old state court
16    days.
17                    MS. MARAK:  Well, we need to sign a plea
18    package as well anyway.
19                    THE COURT:  Well, the old state court days --
20                    LAW CLERK:  Well, why don't we -- why don't --
21                    MS. MARAK:  Do we have a plea that we can sign?
22    I have mine, but I'd like to keep it.
23                    LAW CLERK:  Sure.  Can I make a copy of that
24    real quick so I can do him a super quick --
25                    MS. MARAK:  Well, we'll sign mine while they're
```

1  doing that.

2                   LAW CLERK:  Okay.  That's fine.

3                   MS. MARAK:  And make an extra copy, Kayla.

4                   LAW CLERK:  I'll bring, like, three or four

5  copies.

6                   THE COURT:  When we go back there, we've got to

7  have a Rule 11 package and all that stuff.

8                   MS. MARAK:  Yes.

9                   THE COURT:  I mean, y'all are ready?  Y'all are

10  ready?

11  (Pause in the record)

12                   THE COURT:  All right.  Mr. Curry, you ready?

13                   THE DEFENDANT:  Yes.

14                   THE COURT:  Okay.  And speak, you know, loud.

15       This is *United States of America versus Derrick Curry*

16  3:19-070.

17       And is the government ready to proceed, Ms. Cassidy?

18                   MS. CASSIDY:  Yes, Your Honor.

19                   THE COURT:  Ms. Marak, is Mr. Curry ready to

20  proceed?

21                   MS. MARAK:  Yes, we are, Your Honor.

22                   THE COURT:  And how does he intend to plead at

23  this time?

24                   MS. MARAK:  Your Honor, Mr. Curry intends to

25  enter a plea of guilty to the one count second superceding

1  indictment.

2                    THE COURT:   Okay.  Is that correct, Mr. Curry?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  And are there any filings,

5  Ms. Cassidy?

6                    MS. CASSIDY:  Yes, Your Honor.

7                    THE COURT:  And I think they're right here.

8                    MS. CASSIDY:  Yes.  Thank you, Your Honor.

9        We tendered a Rule 11 package to the Court that contains a

10 signed copy of all the documents, particularly the second

11 superceding indictment, the Plea Agreement and all supporting

12 documents, the Elements of the Offense, Understanding of Maximum

13 Penalty and Constitutional Rights and a stipulated factual basis.

14                    THE COURT:  Okay.  Any objection, Ms. Marak?

15                    MS. MARAK:  No objections, Your Honor.

16                    THE COURT:  Okay.  Before accepting your plea,

17 Mr. Curry, there are a number of questions I'll go through with

18 you to assure myself you're entering a valid plea.

19        If you don't understand any of the questions, feel free to

20 ask me to repeat it or feel free to talk to either one of your

21 attorneys or both at any time.  Okay?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  All right.  Madam clerk, will you

24 please swear in Mr. Curry.

25                    COURT CLERK:  Raise your right hand, Mr. Curry.

1   (Defendant sworn)

2                   THE COURT:  Okay.  All right.  Mr. Curry, do

3   you understand, having been sworn, your answers to my questions

4   will be subject to the penalties of perjury if you don't answer

5   truthfully?

6                   THE DEFENDANT:  Yes, sir.

7                   THE COURT:  Okay.  How old are you?

8                   THE DEFENDANT:  49.

9                   THE COURT:  And how far did you go in school?

10                  THE DEFENDANT:  College.

11                  THE COURT:  Okay.  And so you can read and

12  write?

13                  THE DEFENDANT:  Yes.

14                  THE COURT:  I know it's a dumb question, but

15  you can read and write?

16                  THE DEFENDANT:  Yes, sir.

17                  THE COURT:  All right.  The reason we're asking

18  that, you signed these document.

19        Have you taken any drugs, medicines, pills of any kind, or

20  drunk any alcoholic beverages in the past 24 hours?

21                  THE DEFENDANT:  No, sir.

22                  THE COURT:  Have you ever been treated for any

23  mental illness or addiction to narcotic drugs?

24                  THE DEFENDANT:  No, sir.

25                  THE COURT:  Do you understand what's happening

1   today?

2                    THE DEFENDANT:  Yes, sir.

3                    THE COURT:  And tell me in your own words

4   what's happening.

5                    THE DEFENDANT:  I'm pleading guilty to the

6   firearm charge.

7                    COURT REPORTER:  Firearm charge?

8                    THE COURT:  Okay.  Speak up just a little bit

9   --

10                    THE DEFENDANT:  Yes, sir.

11                    THE COURT:  -- make sure we got you.  And,

12   Ms. Marak, do you believe that Mr. Curry understands what's going

13   on?

14                    MS. MARAK:  I do, Your Honor.

15                    THE COURT:  Okay.  I find that Mr. Curry is

16   competent to plead in this matter.

17        And, Mr. Curry, have you had some time to discuss the case

18   with your attorneys about this case?

19                    THE DEFENDANT:  Yes, sir.

20                    THE COURT:  And are you satisfied with their

21   representation of you?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Do you understand that under the

24   Constitution and the laws of the United States, you're entitled to

25   a trial by jury on the charge contained in the indictment?

```
1                    THE DEFENDANT:  Yes, sir.

2                    THE COURT:  And do you understand that in order

3      to convict you, all 12 of the jurors would have to agree?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you understand that at trial

6      you'd be presumed innocent; and the government would have to

7      overcome that presumption and prove you guilty by competent

8      evidence beyond a reasonable doubt, and you would not have to

9      prove you were innocent?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  Do you understand that, in the

12     course of the trial, the witnesses for the government would have

13     to come to court and testify in your presence; and your counsel

14     could confront and cross examine the witnesses for the government;

15     object to evidence offered by the government and offer evidence on

16     your behalf?

17                   THE DEFENDANT:  Yes, sir.

18                   THE COURT:  Do you understand also that at a

19     trial, while you would have the right to testify if you chose to

20     do so, you would also have the right not to be compelled to

21     incriminate yourself and the right not to testify?

22                   THE DEFENDANT:  Yes.

23                   THE COURT:  Do you understand that?

24                   THE DEFENDANT:  Yes, sir.

25                   THE COURT:  Do you understand that at trial,
```

1   you would have the right to summons or call witnesses on your own
2   behalf?
3                        THE DEFENDANT:  Yes, sir.
4                        THE COURT:  If I accept your guilty plea, do
5   you understand you will waive your right to a trial and the other
6   rights I've just discussed?
7                        THE DEFENDANT:  Yes, sir.
8                        THE COURT:  And there won't be a trial, and
9   I'll simply enter a judgment of guilty and sentence you on the
10  basis of the guilty plea?
11                       THE DEFENDANT:  Yes, sir.
12                       THE COURT:  In pleading guilty, do you
13  understand that you will also have to waive your right not to
14  incriminate yourself since I'll have to ask you questions about
15  what you did to satisfy myself that you're guilty as charged and
16  you'll have to admit or acknowledge your guilt?
17                       THE DEFENDANT:  Yes, sir.
18                       THE COURT:  Are you willing to waive and give
19  up your right to a trial and the other rights I've discussed?
20                       THE DEFENDANT:  Yes, sir.
21                       THE COURT:  Have you read and received the
22  indictment against you?
23                       THE DEFENDANT:  Yes, sir.
24                       THE COURT:  Have you discussed it with your
25  attorneys?

1              THE DEFENDANT:  Yes, sir.

2              MS. MARAK:  Can we back up and just make sure

3    that it's the second superceding indictment.

4              THE COURT:  Okay.  Okay.  And we're referring

5    to the second superceding indictment?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  You've been charged in Count 1 with

8    a violation of Title 18, United States Code, Section 922(g)(1).

9    And I'm going to go over that with you.

10        For you to be found guilty of this crime -- Title 18,

11   United States Code, Section 922(g)(1) makes it a crime for a

12   convicted felon to knowingly possess a firearm or ammunition.

13        For you to be found guilty of this crime, the Government

14   has to prove each of the following beyond a reasonable doubt:

15   First, that the defendant knowingly possessed the firearm or

16   ammunition as charged;

17        Second, that at the time of the charged offense, that

18   defendant had been previously convicted of a -- in a court of a

19   crime punishable by imprisonment for a term in excess of one year.

20        Third, that before the defendant possessed a firearm and

21   ammunition, the defendant knew he had been convicted in a court of

22   a crime punishable by imprisonment for a term in excess of one

23   year; and,

24        Fourth, that the firearm and ammunition possessed traveled

25   in interstate commerce, that is, before the defendant possessed

1  the firearm and ammunition, that it traveled at some time from one

2  state to another.

3       The term "firearm" means any weapon that will or is

4  designed to or may readily be converted to expel a projectile by

5  an action of an explosive.  The term "firearm" also includes the

6  frame or receiver of such weapon or any firearm muffler, or

7  firearm silencer or destructive device.

8       Interstate commerce means commerce or travel between one

9  state, territory or possession of the United States and another

10  state, territory or possession of the United States, including the

11  District of Columbia.  Commerce includes trade, travel

12  transportation and communication.

13       Possession, as that term is used in these instructions, may

14  be one of two kinds, actual or constructive possession.  A person

15  who knowingly has direct physical control over a thing at a given

16  time is in actual possession of it.  A person who, although not in

17  actual possession, knowingly has both the power and the intention

18  at a given time to exercise dominion or control over a thing,

19  either directly or through another person or persons, is in

20  constructive possession of it.

21       Possession may be sole or joint.  If one person alone has

22  actual constructive possession of a thing, possession is sole.  If

23  two or more persons share actual and constructive possession of a

24  thing, possession is joint.  And the word "knowingly" means that

25  the act was done voluntarily and intentionally, not because of

1    mistake or accident.

2        Do you understand the charge in Count 1?

3                        LAW CLERK:  You may want to point out these are

4    the jury instructions.  All of that is not --

5                        THE COURT:  Okay.

6                        LAW CLERK:  -- in the Plea Agreement.

7                        MS. MARAK:  It's not in the elements.

8                        THE COURT:  Okay.

9                        LAW CLERK:  That would be what the jury would

10   be instructed, so we have included that.

11                       THE COURT:  Okay.  We included more in this

12   than we did in the statute.  We just include a lot of definitions.

13                       THE DEFENDANT:  All right.

14                       THE COURT:  Okay.  Do you understand the

15   charge?

16                       THE DEFENDANT:  Yes, sir.

17                       THE COURT:  And, just in your own words, what

18   are you charged with?

19                       THE DEFENDANT:  In possession of a firearm by a

20   convicted felon.

21                       MS. MARAK:  Did you answer the question?  I

22   think you asked the question, then we got an explanation, and I

23   don't think he answered the question.

24                       THE COURT:  Oh, that's what I was asking him to

25   see if he knows -- understands -- I was going to ask him if he

1    understands the charge.

2                    MS. MARAK:  Okay.

3                    THE COURT:  That's what I just asked him.

4                    MS. MARAK:  Okay.

5                    THE COURT:  And do you know the maximum

6    sentence that could be imposed on the charge?

7                    THE DEFENDANT:  Ten years.

8                    THE COURT:  Yeah, ten years.  And I'm going to

9    go over it with you.  The maximum possible penalty on Count 1 is a

10   term of imprisonment of ten years and a maximum fine of $250,000

11   or both.

12       Do you understand that?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  You'll be required to pay a special

15   assessment of $100 at the time of the plea by means of a cashier's

16   check, bank official check or money order payable to Clerk, U.S.

17   District Court.

18       Do you understand that?

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  On Count 1, you may receive a term

21   of supervised release of not less than one year, but not more than

22   three years in addition to any term of imprisonment imposed.

23       Do you understand that?

24                   THE DEFENDANT:  Yes, sir.

25                   THE COURT:  Do you also understand that, while

1    on supervised release, you'd be required to abide by conditions
2    specified by the Court; and that supervised release might be
3    revoked if you violate the conditions?  If supervised release is
4    revoked for any reason, you may be imprisoned for the full term of
5    supervised release without credit for time spent on post-release
6    supervision.  And the combined time spent in prison under a
7    sentence of imprisonment and a subsequent revocation of supervised
8    release may exceed the statutory maximum.

9         What that means is that if you were given, like, say, --
10   and I'm just throwing an example out.  I have no idea what your
11   sentence is going to be.  Say you got five years -- I'm just
12   throwing that out as an easy thing to remember -- if you got five
13   years and you got three years supervised release, you served your
14   time, five years, and then you got on supervised release for three
15   years and violated it, even though you'd served five years, you
16   could go back to jail for part of that -- for three more.

17        Do you understand that?

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  Okay.  Do you understand that the
20   offense to which you're pleading guilty is a felony offense; and
21   if your plea is accepted, you'll be adjudged guilty of that
22   offense?  And such adjudication may deprive you of civil rights
23   such as the right to hold public office, the right to serve on a
24   jury and the right to possess any kind of a firearm.

25        Do you understand that?

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  Do you understand that, as part of

 3     the plea, you agree to -- I assume you agree to forfeit the

 4     weapon?

 5                    MS. CASSIDY:  Yes, Your Honor, pursuant to the

 6     plea.

 7                    THE COURT:  All right.  As part of the plea,

 8     you've agreed to forfeit to the United States and abandon all

 9     rights, title and interest in a Taurus Model: PT-92 AF, 9 mm

10     pistol, and all ammunition seized by state or federal officials.

11          Do you understand that?

12                    THE DEFENDANT:  Yes, sir.

13                    THE COURT:  Do you understand that you're

14     waiving the right to a jury trial on the forfeiture of assets, and

15     that you're specifically agreeing to the entry of an order of

16     forfeiture of the assets?

17                    THE DEFENDANT:  Yes, sir.

18                    THE COURT:  Do you understand that you're

19     acknowledging and agreeing that the forfeiture of the

20     above-described assets is authorized and proper pursuant to the

21     provisions of 21 U.S.C, Section 853 and Rule 32.2(a) of the

22     Federal Rules of Criminal Procedure; and that in the event that

23     forfeiture is not authorized pursuant to those provisions, you are

24     acknowledging that surrender and transfer of these assets is a

25     condition of your plea?
```

```
 1                    THE DEFENDANT:  Yes, sir.
 2                    THE COURT:  Okay.  And do you understand you're
 3   waiving any constitutional challenge or statutory challenge in any
 4   manner, including:  Direct appeal, habeas corpus or other means,
 5   to any forfeiture carried out in accordance with the Plea
 6   Agreement --
 7                    THE DEFENDANT:  Yes, sir.
 8                    THE COURT:  -- on any grounds, including
 9   forfeiture, constitutes an excessive fine or punishment under the
10   8th Amendment to the United States Constitution?  Do you
11   understand that?  That's talking about the forfeiture of the gun
12   --
13                    THE DEFENDANT:  Yeah, I know.
14                    THE COURT:  -- and ammo.  You understand?
15                    THE DEFENDANT:  Yes, sir.
16                    THE COURT:  Has anyone threatened, tricked you,
17   forced you to plead guilty or told you if you don't plead guilty,
18   additional charges will be brought against you or other adverse
19   action taken against you?
20                    THE DEFENDANT:  No.
21                    THE COURT:  Okay.  Do you understand that plea
22   agreements are permissible and -- but there's a duty to disclose
23   the existence and terms of the Plea Agreement?
24        Do you understand?
25                    THE DEFENDANT:  Yes.
```

```
 1                    THE COURT:  Ms. Cassidy, what's the substance
 2   of the Plea Agreement?
 3                    MS. CASSIDY:  Your Honor, the substance of the
 4   Plea Agreement was a plea to the one count second superceding
 5   indictment with forfeiture.
 6                    THE COURT:  Okay.  And, Ms. Marak, do you agree
 7   that's the Plea Agreement.
 8                    MS. MARAK:  I do agree, yes.
 9                    THE COURT:  Mr. Curry, is that your
10   understanding of the Plea Agreement?
11                    THE DEFENDANT:  Yes, sir.
12                    THE COURT:  Has any promise, other than those
13   contained in the Plea Agreement, been made that induced you to
14   plead guilty?
15                    THE DEFENDANT:  No, sir.
16                    THE COURT:  Okay.  Has anyone made any
17   prediction, prophecy or promise as to what your sentence will be?
18                    THE DEFENDANT:  No.
19                    THE COURT:  Okay.  Under the Sentencing Reform
20   Act of 1984, as modified by *United States versus Booker*, the
21   United States Sentencing Commission has issued guidelines for
22   judges to follow in determining a criminal case.  While those
23   guidelines are advisory, I must give them reasoned consideration,
24   along with those factors set forth in 18 U.S.C., Section 3553(a).
25        Have you and your attorney talked about how the Sentencing
```

1    Commission Guidelines might apply to your case?  Have y'all talked
2    about how the guidelines work and how they might apply?
3                    THE DEFENDANT:  Yes.
4                    THE COURT:  Do you understand that I won't be
5    able to determine the guideline sentence for your case until after
6    the presentence report has been completed and you and the
7    government have had an opportunity to challenge the facts reported
8    by the probation officer?
9        Do you understand that?
10                    THE DEFENDANT:  Yes, sir.
11                    THE COURT:  Okay.  Do you also understand that
12    after -- after it's been determined what guideline applies, I have
13    the authority, in some circumstances, to impose a sentence that is
14    more severe or less severe than the sentence called for by the
15    guidelines?
16                    THE DEFENDANT:  Yes, sir.
17                    THE COURT:  Do you also understand that, under
18    some circumstances, you or the government may have the right to
19    appeal any sentence I impose?
20                    THE DEFENDANT:  Yes, sir.
21                    THE COURT:  Do you also understand that parole
22    has been abolished; and if you're sentenced to prison, you won't
23    be released on parole?
24                    THE DEFENDANT:  Yes, sir.
25                    THE COURT:  Okay.  Do you understand that, if

1  the sentence is more severe than you expect, you'll still be bound

2  by your plea and won't have the right to withdraw it?

3        Do you understand?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Okay.  As charged in Count 1 of the

6  indictment, did you knowingly possess a firearm after you knew you

7  had been convicted of a felony offense for which you served a term

8  or imprisonment in excess of one year?

9                    THE DEFENDANT:  Yes, sir.

10                    THE COURT:  Okay.  And, Ms. Cassidy, I

11  understand you've included a written factual basis in the filings.

12                    MS. CASSIDY:  Yes, Your Honor.

13                    THE COURT:  And, Ms. Marak, do you have any

14  changes or objections to the factual basis?

15                    MS. MARAK:  No, Your Honor.

16                    THE COURT:  And, Mr. Curry, have you received

17  and read that factual basis?

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  Have you been able to go over that

20  with your attorney?

21                    THE DEFENDANT:  Yes.

22                    THE COURT:  Do you have any questions about it

23  or any disagreement with it?

24                    THE DEFENDANT:  No, at the time.

25                    THE COURT:  Sir?

```
 1                    THE DEFENDANT:  No.

 2                    THE COURT:  You don't have any questions about

 3   it or any disagreement with it?

 4                    THE DEFENDANT:  No.

 5                    THE COURT:  Okay.  I find the written factual

 6   basis contains all the essential elements of the offense to which

 7   you're pleading -- pleading guilty.

 8        Since you acknowledge you're in fact guilty as charged in

 9   Count 1, since you know your right to a trial, what the maximum

10   punishment is, and since you're voluntarily pleading guilty, I'll

11   accept your guilty plea and enter a judgment of guilty on your

12   plea.

13        All right.  It's the finding of this Court in the case of

14   *United States versus Derrick Curry* that the defendant is fully

15   competent and capable of entering an informed plea, and that the

16   defendant's plea of guilty is a knowing and voluntary plea,

17   supported by an independent basis in fact, containing each of the

18   essential elements of the offenses.  The defendant's plea is

19   therefore accepted, and the defendant is now adjudged guilty of

20   the offense.

21        I'll order a presentence investigative report.  I urge you

22   to cooperate with the probation officer in furnishing information

23   for that report since that will be very important in my decision

24   as to what your sentence is going to be.

25        You have the right to have your attorney present or
```

 1  attorneys present when you give the information to the probation
 2  officer, if you wish.  You will also have an opportunity to read
 3  the presentence report before sentencing.  And you will also be
 4  allowed to speak or have your attorney speak for you at the
 5  sentencing hearing.
 6       We're setting sentencing in this matter for November the
 7  7th, 2019, at 1:30 p.m.  All sentencing memoranda is due no later
 8  than one week before the sentencing hearing.  Mr. Curry remains in
 9  custody pending sentence.
10       Anything else before we recess?
11                    MS. MARAK:  No, Your Honor.
12                    MS. CASSIDY:  No, Your Honor.
13                    THE COURT:  Okay.  Probably go out and face the
14  jury.  Y'all don't have any other ones to try today, do you?
15                    MS. CASSIDY:  No, sir.  No, Your Honor.
16                    THE COURT:  I didn't think so.  But all right.
17  So you are free to submit information, talk to your attorney,
18  submit letters and, you know, whatever you want to submit through
19  your attorney.  Okay.
20       All right.  Thank you all.  Let's go ahead and release the
21  jury.
22                    MS. CASSIDY:  Thank you, Your Honor.
23                    THE COURT:  Thank y'all.
24  (Hearing adjourned at 9:45 a.m.)
25

1                          CERTIFICATE

2          I, Debbie Lowery, Certified Court Reporter, do certify that

3    the foregoing is, to the best of my ability and understanding, a

4    true and correct transcript from the proceedings of this matter.

5

6

7                              _____

8                              /s/Debbie Lowery

9                              4/24/2020

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25